R. G. SHARP'S ADMINISTRATOR *v.* DANIEL HARPER.

**Bonds—Principal and Surety—Sec. 2, Ch. 71, Rev. St.**

Section 2, Ch. 71, Rev. St., is merely a reenactment of the acts of 1820, and holds a surety on a constable's bond liable in so far as it operates to indemnify the sherifl from loss or damage on account of the illegal or negligent acts of the constable.

**Officers—Sale of Office.**

A contract between a sheriff and constable reciting "that the fees and emoluments of the said office of sheriff, arising and which have arisen, etc., amount to more than $700.00, which Sharp (constable) is to retain for his service except $700.00 to be paid Harper $350.00 December 25, 1863, and $350.00 December 25, 1864; held to be a sale and deputation of the office of sheriff, and void as to that amount.

**Same—Liability of Sureties.**

Sureties on the bond of a defaulting constable, are not liable for more than the actual amount the sheriff would be compelled to account for, notwithstanding the recitations of the bond.

**Same—Damages.**

And the sheriff could only recover such actual damages as he would sustain by reason of the constable's failure to collect the taxes and not consequential damages.

APPEAL FROM BATH CIRCUIT COURT.

March 2, 1870.

OPINION OF THE COURT BY JUDGE PRYOR:

Harper being sheriff of Bath county appointed Sharp his deputy, and agreed with him that he should be allowed to transact all the business and discharge all the duties of the office of sheriff in a designated portion of said county. He took from him a bond with Sudduth Caldwell and Foster as his sureties, conditioned that the duties of the deputy should be truly and faithfully performed and that he as sheriff should be saved and held harmless from loss or damage accruing from any act, or failure upon the part of the deputy to act, in his official capacity in the designated territory. The bond recited that "the fees and emoluments of the

said office of sheriff arising and which have arisen in said part of Bath amount to largely more than $700, all of which he (Sharp) is to retain for his services except the sum of $700 which he is to pay Harper $350 by the 25th day of December, 1863, and $350 by the 25th day of December, 1864. Should said R. G. Sharp be prevented from discharging the duties of sheriff by the armies or armed men of the so-called Confederate states, then an adjustment is to be had so that Sharp's compensation will be in proportion to fees and emoluments earned, and $350 per year and what they would have been if not so prevented. The securities being bound for the $350 per year, as well as for acts of said R. G. Sharp, who is appointed deputy for Harper's term of office which is two years beginning on the first Monday in January, 1863." This suit was brought upon this bond, to recover large amounts of money alleged to have been collected by Sharp and not accounted for, and which amounts the principal sheriff had been compelled to pay, and also for the $700 agreed to be paid by the deputy in termination of his appointment as such. Among other defenses, the sureties pleaded that the contract between Harper and Sharp was in effect a sale of the deputation of the office of sheriff, and hence that their bond was void. They also interposed *special* pleas of *non est factum.* These defenses were overruled, and judgment having been rendered against them for a large amount they have appealed to this court.

*Section 2, Chapter 7, Revised Statutes,* declares, "That no office or post of profit, trust or honor under this Commonwealth, whether civil or military, legislative, executive, ministerial or judicial, nor the deputation thereof, in whole or in part shall be sold or let to farm, by any person holding or expecting to hold the same." *Section 3* declares "Every contract or security made or obtained in violation of the preceding section shall be void, except that a bond of indemnity from a deputy and his sureties to a sheriff, sergeant of the Court of Appeals, clerk or marshal shall not be void." Prior to the enactment of a statute in 1820, providing "that all bonds of indemnity hereafter executed by any deputy sheriff shall be good and valid in law, and any law declaring void such contracts is hereby repealed." All bonds of indemnity subsidy to or in any way connected with the sale of an office or the deputation thereof were held to be inoperative, but since the enactment of that statute the rulings of this court have been different.

*Baldwin v. Briges, 2nd John J. Marshall, 7; Combs v. Brashears, 6th J. J. Marshall, 633; Konns v. Davis, 6th B. Monroe, 278.* In these cases it is held, that in so far as the bond secures to be paid all or any part of the consideration for the sale of the office or deputation, it is void because inconsistent with public policy and repugnant to the principles of the common law, but that under the operations of the statute of 1820 in so far as the bond covenants to indemnify the principal from loss or damage on account of the illegal or negligent acts of the deputy it is enforceable. The second section of chapter 71 of the Revised Statutes is a subtantial re-enactment of the act of 1820, and as that act had long before the adoption of the Revised Statutes been judicially construed, we conclude that the legislature intended that no change should be made in the law regulating such contracts. The court below, therefore, properly held the appellants responsible for the damages sustained by appellee by reason of the misconduct or negligence of the deputy in the discharge of his official duties.

We are, however, of opinion that the contract between Harper and Sharp was in effect a sale of the deputation of the office of sheriff. The agreement was that Sharp was to pay the gross sum of money as a consideration for the right to discharge all the duties and take all the fees and emoluments arising therefrom in a designated portion of the county of Bath, and this right was to continue during the entire term of the principal. The latter could not discharge or remove the deputy without a violation of his contract, nor did he even review the right to superintend the discharge of the duties of his office of sheriff within the district farmed to Sharp. These facts appear from the face of the bond itself, and according to the rule prescribed by this court in the case of *Lewis v. Knox, 2nd Bibb, 453,* states the transaction as coming within the inhibitions of the *1st section of chapter 71, R. S.* The bond is void in so far as it is intended to secure the payment of the $700 agreed to be paid by Sharp to Harper, and it was error to render judgment against appellants for that amount. The pleas of *non est factum* are not only not sustained, but are fully disproved by the petition of the securities filed against their principal in which they allege the execution of the bond, and sue out an attachment against the estate of the principal to secure themselves against anticipated loss on account thereof. The fourth and sixth items adjudged against appellants. are clearly erroneous.

The court also erred in adjudging the securities liable for the amounts of certain executions collected by Sharp, but which neither the petition nor amended petition charges were collected from parties residing, or having property within the district in which Sharp was to act as deputy. They should also have been charged with no more upon an execution collected by him and not accounted for, than Harper has been or will be compelled to pay. Otherwise they will be held to account for the fees and commissions to which the deputy himself was entitled.

As to the uncollected State and county taxes in Sharp's district, Harper is entitled only to recover such actual damages, as he sustained by reason of Sharp's failure to collect and pay them over. If the tax-payers were good and solvent, it was Harper's duty to proceed to collect from them. This fact he seems to have fully understood, as the commisisoner's report shows that he did collect over $800 after Sharp ceased to act as his deputy. As the judgment does not conform to the principles of this opinion, it must be reversed. Upon the return of the cause the parties should be allowed, in case they desire to do so, to amend their pleadings. Reasonable time should also be given for further preparation. Further proceedings will be had consistent with this opinion.

*Thomas Turner, Richard Reid, for appellant.*

*Young, Nesbitt & Gudgell, Simpson, for appellee.*